A92A0499. JOHNSON v. DEPARTMENT OF HUMAN RESOURCES.
(418 SE2d 401)

McMURRAY, Presiding Judge.

The Department of Human Resources, by and through the Office of the District Attorney of the Eastern Judicial Circuit, brought a child support recovery petition against defendant seeking reimbursement for public assistance in the amount of $660. See OCGA § 19-11-5. Answering the petition, defendant denied that he failed to support his two minor children. Following a hearing, the trial court determined that defendant was liable in the amount of $455.33 for unreimbursed aid to dependent children for the months of January and February 1991. Thereupon, defendant sought, and we granted, this discretionary appeal.

A review of the record demonstrates the following: Colleen Cooper sought and received pubic assistance in the amount of $660 for three minor children in January and February 1991. Defendant was the father of two of the children and he lived with Cooper and the children intermittently.

Defendant testified that he lived with Cooper and his children during January and February 1991 and supported them during that period of time. Cooper testified that she and defendant lived together during most of January and February 1991. Apparently recognizing that she was not entitled to receive public assistance during that time period, Cooper testified, without contradiction, that she is "paying the state back for those months. . . ." *Held*:

When the State pays public assistance to or on behalf of a child, the parent or parents responsible for the support of the child are liable to the State for an amount necessary to meet the total needs of the child and the person having custody of the child. OCGA § 19-11-5. This presumes, of course, that the child and the custodian of the

child were entitled to receive public assistance. If it appears that the child and the custodian of the child were not entitled to receive public assistance, the custodian of the child is liable to the State for the amount of overpayment. OCGA § 49-4-15 (c).

In the case sub judice, the State asserts defendant is liable for public assistance payments made on behalf of defendant's children for January and February 1991. There is uncontradicted evidence, however, that the custodian of defendant's children, Cooper, is repaying the State for the payments which she received in January and February 1991. We fail to see how defendant can be held liable for public assistance to his children when Cooper is repaying the State for the payments which she received on their behalf. After all, defendant and Cooper cannot both be liable for the public assistance. Either defendant is liable (for public assistance rightfully paid to his children) or Cooper is liable (for public assistance she was not entitled to receive). Inasmuch as the uncontradicted evidence demonstrates that Cooper is repaying the State for public assistance which she received for January and February 1991, defendant cannot be held liable for those public assistance payments.

The State argues that Cooper's testimony is ambiguous and that one cannot discern whether she is repaying the State for public assistance payments received for January and February 1991 or for some other period of time. We disagree. Cooper clearly testified that she is repaying the State for the January and February 1991 payments. ("Q. . . . Mr. Johnson was living with you and the children in January and February, 1991? A. And I'm paying the State back for those months, yes, I am. Q. You're paying the State back for those months? A. I am now paying AFDC back.")

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1992.

*George M. Hubbard III*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Cynthia H. Frank, Staff Attorney, Spencer Lawton, Jr., District Attorney, M. Carol Branham, Assistant District Attorney*, for appellee.